UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHRISTOPHER FUSARO, | : |
| Plaintiff, | : |
| V. | : CASE NO. 3:08-CV-1234(RNC) |
| DENNIS MURPHY, ET AL., | : |
| Defendants. | : |

RULING AND ORDER

Plaintiff brings this action under 42 U.S.C. § 1983 against the City of Stamford and City officials alleging age discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment. Plaintiff claims that he was not hired for a position as a police officer in the Stamford Police Department because of his age. The defendants have moved for summary judgment contending that plaintiff's equal protection claim is preempted by the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* They also contend that he cannot establish a prima facie case of age discrimination because he has failed to identify a successful applicant outside his protected group who was similarly situated to him. After careful consideration, I conclude that summary judgment should be granted because, even assuming plaintiff has established a prima facie case, the evidence is ultimately insufficient to sustain his claim.

I. Summary Judgment

Summary judgment may be granted when there is no genuine

issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In seeking summary judgment, a defendant has the initial burden of showing there is an absence of evidence to support an essential element of the plaintiff's claim. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). To overcome this showing, a plaintiff must point to evidence that would permit a jury to return a verdict in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). If he cannot do so, summary judgment is proper, even in a discrimination case. See Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000)(salutary purposes of summary judgment apply no less to discrimination cases than to other areas of litigation). In determining whether summary judgment is proper, the record must be viewed in the light most favorable to the plaintiff. See Sheppard v. Beerman, 317 F.3d 351, 354 (2d Cir. 2003). This requires the court to resolve all ambiguities and draw all permissible inferences in favor of the plaintiff. See Stern v. Trustees of Columbia University, 131 F.3d 305, 312 (2d Cir. 1997). However, conclusory allegations, conjecture, and speculation are insufficient to create a genuine issue of fact for trial. Shannon v. N.Y.C. Transit Aiuth., 332 F.3d 95, 99 (2d Cir. 2003).

II. Background

In 2004, plaintiff applied for a position as a police

officer with the Stamford Police Department.  He was in his mid-40's at the time.  As part of the application process, he disclosed that he had been arrested in 1990 following an incident that occurred while he was working as a police officer in Redding, Connecticut.  He described the incident as follows:

> Approx. 14 years ago, I was investigating a nighttime burglary while in progress.  Due to certain circumstances, I punctured the tires of the suspect's vehicles to immobilize them.  I was later charged with criminal mischief and tampering with a motor vehicle.  Both charges were misdemeanors.  All charges were dismissed and erased.  My employer and I entered into a voluntary non-disclosure agreement in which I was compensated monetarily and both agreed that neither was to blame for any wrongdoing.

In June 2004, plaintiff was informed that he had received a combined score of 80 on his written and oral examinations.  This score ranked him sixth and qualified him to continue with the application process.

In November 2004, defendant Murphy, the Director of Human Resources for the City of Stamford, sent plaintiff a letter informing him that he did not meet the Police Department's requirement of at least 60 college credits from an accredited college or university.  The letter stated that plaintiff's "full time experience as a certified sworn Police Officer [would] substitute for 30 of the required credits."  Thus, he needed 30 credits to meet the requirement.  The letter explained that the City had been unable to determine whether Almeda University, where plaintiff obtained an associate's degree, was accredited.

3

The letter stated that plaintiff's application would be placed on the eligible list until November 2006, but that no further action would be taken until the college credit requirement was satisfied. Plaintiff subsequently submitted a transcript from Kaplan University showing 30 credits.

In February 2006, plaintiff reapplied for a position as a Stamford police officer. He again passed the examinations. This time, a background check was conducted, the plaintiff underwent a polygraph test and he was interviewed. Following the interview, defendant Cronin, a Lieutenant in the Police Department, recommended that plaintiff be disqualified because of the incident that occurred while he was a police officer in Redding.

In August 2006, defendant Murphy wrote plaintiff a letter informing him that he was disqualified. The letter stated that plaintiff's arrest while working as a Redding police officer was "problematic in itself and sufficient cause for removal from the selection process." The letter also explained that, because of the arrest, plaintiff's service as a Redding police officer no longer counted toward the college credit requirement. The letter stated that when the Stamford Police Department found the plaintiff eligible for the credit deduction in 2004, it was unaware of the incident in Redding.[1] Plaintiff was one of 31

---

[1] It is unclear whether Stamford Police Department officials were involved in processing the plaintiff's application in 2004. Because the record is not clear on this point, I assume for purposes of this ruling that they had access to the application

4

applicants dismissed during this stage of the application process.

In July 2005 and August 2006, the Stamford Police Department hired two police officers with arrest records, Gregory Zach and Quinn Fillippino. Both were significantly younger than the plaintiff. Zach was in his early twenties when he was hired by the Department in 2005; Fillippino was in his late twenties when the Department hired him in 2006. Zach had been arrested in 2000 for possession of liquor by a minor, found guilty and fined $200. He received a score of 89 on the Department's exams. Fillippino had two prior arrests, one for breach of peace arising out of a fight in a bar.[2] In both instances all charges against him were dropped. He also scored 89 on the Department's exams.

III. Discussion

Defendants contend that claims brought pursuant to § 1983 alleging age discrimination in violation of the Equal Protection Clause are preempted by the ADEA. The Second Circuit has not ruled on this issue. See Butts v. N.Y.C. Dep't of Hous. Pres. & Dev, 307 Fed. Appx. 596, 598 n.1 (2d Cir. 2009). It has held, however, that Title VII does not preclude § 1983 suits based on the Equal Protection Clause. Saulpaugh v. Monroe Cmty. Hosp., 4 F.3d 134, 143 (2d Cir. 1993). The ADEA was modeled after Title

---

in 2004 and could have reviewed it at that time.

[2] The record does not disclose the nature or date of Fillippino's arrest.

5

VII.  In view of the decision in Saulpaugh, I assume for purposes of this motion that the ADEA does not preempt a § 1983 claim for age discrimination in violation of the Equal Protection Clause. See Shapiro v. N.Y.C. Dep't. of Ed., 561 F. Supp. 2d 413, 420 (S.D.N.Y. 2008).

Age discrimination claims brought under § 1983 are analyzed using the burden-shifting framework adopted by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973). Under this framework, the plaintiff must first establish a prima facie case by showing that he (1) is a member of a protected class, (2) was qualified for the position, and (3) was not hired (4) in circumstances giving rise to an inference of age discrimination. See Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000). If this showing is made, the burden shifts to the defendants to articulate a reason for the challenged decision, which, if credited by the jury, would support a finding that the decision was not caused by discrimination. See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507 (1993). The plaintiff then has the burden of pointing to evidence that the proffered reason is a pretext for age discrimination. Id. at 515. Ultimately, the plaintiff must prove that he would have been hired but for his age. See Gross v. FBL Financial Services, Inc., 129 S.Ct. 2343, 2350 (2009).

Defendants contend that plaintiff has failed to establish a prima facie case because the circumstances surrounding his

6

disqualification in 2006 do not permit an inference of age discrimination.  Plaintiff seeks to raise an inference of discrimination by showing that he was treated differently than similarly situated individuals outside his protected class.  "To be similarly situated, the individuals with whom [the plaintiff] attempts to compare [himself] must be similarly situated in all material respects."  <u>Shumway v. United Parcel Serv., Inc.</u>, 118 F.3d 60, 64 (2d Cir. 1997)(internal quotation marks omitted).  The circumstances of the plaintiff and the comparators need not be identical, but they must be reasonably close.  <u>Graham v. Long Island R.R.</u>, 230 F.3d 34, 40 (2d Cir. 2000).

Plaintiff points to two comparators, Zach and Fillippino.  He contends that they were similarly situated to him as applicants for positions in the Stamford Police Department because their scor-es on the Department's examination were in the same range as his and they both had at least one prior arrest on their records.  Defendants respond that Zach and Fillippino were not similarly situated to the plaintiff because he had been arrested for conduct that occurred in the course of his employment as a police officer in Redding and the conduct underlying the arrest resulted in the termination of his employment as a police officer.

I agree with the defendants that the plaintiff was not similarly situated to Zach or Fillippino as a matter of law.  Plaintiff's prior arrest involved his conduct as an on-duty

7

police officer and led to his resignation from the police force. Reasonable police officials acting lawfully could readily determine that the plaintiff's arrest was a disqualifying factor because it necessarily reflected negatively on his aptitude and suitability for police work. The same cannot be said of the arrests of Zach and Fillippino.

Even assuming plaintiff has satisfied his burden of presenting a prima facie case, his claim still fails because he lacks sufficient evidence to support a reasonable finding that the reason given by the defendants for disqualifying him in 2006 was a pretext for age discrimination. A plaintiff may show pretext by demonstrating weaknesses and inconsistencies in the employer's stated reason for its action. Plaintiff points out that he disclosed the Redding incident in his 2004 application, and was not told that it rendered him ineligible. Plaintiff views this as evidence that the Department's use of the incident to disqualify him in 2006 was a pretext for age discrimination. It is undisputed, however, that plaintiff's 2004 application did not disclose his resignation from the police force in Redding. The fact of the resignation following the arrest is plainly important to an assessment of the incident in Redding and plaintiff's qualifications to serve as a police officer. Because this material information was available to the Department in 2006, but not 2004, a reasonable jury could not infer that the Department's reliance on the arrest in 2006 was a pretext for age

8

discrimination.[3]

Objectively viewed, plaintiff's arrest for conduct while on duty as a police officer in Redding, and his resignation from the Redding police force as a result of that arrest, pose a formidable obstacle to his age discrimination claim against these defendants. Giving him the benefit of all permissible inferences, he has not overcome that obstacle. The evidence establishes that the plaintiff was treated as a serious candidate in 2004, when he was in his mid-40's, and again in 2006, when he was still in his mid-40's, until the interview, after which his prior history in Redding was relied on to disqualify him. This record, viewed fully and favorably to the plaintiff, simply does not permit a reasonable finding that the reason given for the disqualification was a pretext for age discrimination.

IV. Conclusion

Accordingly, the motion for summary judgement [doc. 25] is hereby granted. The Clerk may enter judgment and close the file.

So ordered this 30th day of September 2011.

```
              _____/s/ RNC_____
                    ROBERT N. CHATIGNY
                 UNITED STATES DISTRICT JUDGE
```

---

[3] There is an inconsistency in the Department's stance toward the plaintiff only if the Department itself was aware of the contents of his application in 2004. For purposes of this ruling, I am assuming that the Department was familiar with the contents of his application at that time.